44 C.C.P.A. (Patents)

**Application of Bernard BERGER.**

**Patent Appeal No. 6218.**

United States Court of Customs and Patent Appeals.

Nov. 30, 1956.

Johnson, C. J., and Jackson, J., dissented.

Maurice S. Cayne, Chicago (Cushman, Darby & Cushman, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., (Arthur H. Behrens, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON, retired, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, one member dissenting, affirming the rejection by the Primary Examiner of the claim of appellant's application serial No. D–20,054 for a design patent on a recess bracket for a night light. The appealed claim is as follows:

"The ornamental design for a Recess Bracket for Night Light substantially as shown and described."

The references relied on are:

Lillibridge Des–58,785 Aug. 30, 1921; Balmer 2,067,591 Jan. 12, 1937; Laystrom et al. Des–164,431 Sept. 4, 1951; Sears, Roebuck & Co., Catalog No. 194, Spring & Summer, 1947, Page 909, Item E.

Appellant's design is for a device for mounting a night light in a wall and comprises a rectangular face plate having aligned openings at the top and bottom to receive screws for holding the plate in place, and a rectangular opening whose area is about one-fourth that of the plate, disposed in the upper portion of the plate and nearer to one side thereof than to the other. A semi-cylindrical back wall is disposed rearwardly of the last-mentioned opening, defining a recess in which the light may be located, the ends of the recess being covered by semi-circular top and bottom walls.

The Lillibridge patent shows a wall receptacle of generally rectangular shape but with an arched upper portion. The front of the receptacle is surrounded by a relatively narrow rectangular plate which is evidently designed to abut the wall in which the receptacle is disposed, but which is not provided with screw-

receiving openings. The opening in the front plate occupies most of the area of the plate which therefore has the appearance of a narrow arched frame.

The Laystrom et al. patent discloses a recessed bathroom fixture in the form of a vertical semi-cylindrical cabinet, having flat top and bottom ends and with its open side surrounded by a narrow flange for mounting flush on a wall. A hinged flat door is provided for closing the opening.

The Balmer patent shows a recessed wall fixture generally similar in shape to that of Laystrom, but without the hinged door. Balmer's fixture, which is designed to be mounted adjacent a bathtub and to receive soap, is provided with a grab handle in the form of a horizontal rod supported on a pair of brackets extending outwardly from the upper edge of the fixture.

The Sears, Roebuck & Co. catalog reference shows a conventional cover plate for a wall switch, comprising a rectangular plate with upper and lower screw-receiving openings and a central rectangular slot through which the operating lever of the switch projects when the plate is installed in its intended position.

The Lillibridge patent, which is the basic reference relied on in support of the rejection, seems to be pertinent only as showing the broad idea of a wall receptacle supported by and opening into a rectangular plate. The over-all appearance of the patented design differs very materially from appellant's and there are numerous specific differences. Thus the area of the front opening of Lillibridge's receptacle is more than three-fourths the total area of the front plate while the opening of appellant's receptacle is about one-fourth the area of the plate; the opening is arched at the top in the patent but has a flat top in the appealed application; appellant provides screw-receiving openings in the plate while the reference does not; the side walls of the receptacle are at right angles to the plate in the patent, but are curved in the application; and the receptacle opening in the patent is located centrally of the plate, whereas in the application it is above and at one side of a central location.

The deficiencies of the basic reference as an anticipation above noted are not, in our opinion, supplied by the auxiliary references. Laystrom et al. and Balmer show receptacles having rectangular openings, and curved walls similar to those of appellant, but the openings are located centrally of the front plates and occupy almost the full front area, so that the plates are merely surrounding flanges. Moreover, by reason of the hinged door of Laystrom et al. and the grab handle of Balmer, the devices of those patents differ greatly in appearance from appellant's.

The Sears, Roebuck & Co. catalog reference merely shows a plate with a rectangular opening. The opening is much smaller than that in appellant's plate and is centrally located. Moreover, there is no receptacle corresponding in size to that of the opening, as in appellant's article.

From the foregoing discussion it will be seen that none of the references shows a structure having even approximately the relationship between size of opening and size of plate which is shown by appellant, and none of them shows a receptacle or opening located off center with respect to the plate either vertically or horizontally.

■■ It is true, of course, that mere differences in appearance are not sufficient to justify the issuance of a design patent unless the design is unobvious in view of the disclosures of the references. In the instant case, however, appellant has produced a design combining some features shown by several prior art disclosures but including other features not disclosed by the prior art, and presenting a distinct and ornamental appearance. We find that the design as a whole would not be obvious and we agree with the dissenting member of the Board of Appeals that appellant's claim should have been allowed.

The decision of the Board of Appeals is reversed.

Reversed.

JACKSON, Judge, retired, was recalled to participate here in place of COLE, Judge.

JOHNSON and JACKSON, Judges, dissent.